RICHARD L. KELLNER, SBN 171416
(rlk@kbklawyers.com)
ALFREDO TORRIJOS, SBN 222458
(at@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Attorneys for Plaintiff JOSH MANGINI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JOSH MANGINI, individually and on behalf of all others similarly situated, | CASE NO. C 07 5264 SI |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO E*TRADE'S MOTION TO TRANSFER VENUE** |
| vs. | Date:      January 25, 2008<br>Time:      9:00 a.m.<br>Division: 10, Floor 19<br>Judge:    Hon. Susan Ilston |
| E*TRADE SECURITIES L.L.C., a Delaware Limited Liability Company; and Does 1 through 250, inclusive, | |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO E*TRADE'S MOTION TO TRANSFER VENUE**

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................... 3

TABLE OF AUTHORITIES ................................................................................................. 4

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 6

I.      INTRODUCTION ..................................................................................................... 6

II.     AT THE OUTSET, E*TRADE'S TRANSFER MOTION SHOULD BE DENIED
        BECAUSE THIS DISTRICT COURT DOES NOT HAVE SUBJECT MATTER
        JURISDICTION OVER THIS ACTION .................................................................. 7

III.    E*TRADE MUST SATISFY A HEAVY BURDEN IN ORDER TO JUSTIFY
        TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK ........................ 8

        A.    E*Trade's Claim That Northern California Is An Inconvenient Forum
              Is Utterly Undermined By The Fact That Its Form Customer
              Agreements In Some Instances Require, And In All Other Instances
              Permit, Californians To Litigate Claims In California ............................... 9

        B.    Plaintiff's Choice Of Forum In This Action Is Entitled Significant
              Weight ........................................................................................................ 11

              1. The Deference Given To Plaintiff's Choice Of Forum Is Not Eliminated
                 Simply Because This Case Was Filed As A Putative Class Action ................. 11

              2. Plaintiff's Choice Of Forum Is Entitled Deference As This Forum Has An
                 Interest In E*Trade ....................................................................................... 12

        C.    The Convenience Of Witness Factor Does Not Favor Transfer, Since
              E*Trade Controls The Availability Of Its Employees ............................... 13

        D.    The Ease Of Access To The Evidence Factor Does Not Favor
              Transfer ...................................................................................................... 15

        E.    Familiarity With The Applicable Law Does Not Weigh In Favor Of
              Transfer Since No Complex Issues Of New York Law Are Present In
              This Action ................................................................................................. 16

        F.    Any Differences In The Congestion of Dockets Or Time To Trial Are
              Not Sufficient To Weigh In Favor Of Transfer ......................................... 16

        G.    No Other Factor Weighs In Favors Of Transfer ....................................... 17

IV.     CONCLUSION ........................................................................................................ 17

**PLAINTIFF'S OPPOSITION TO E*TRADE'S MOTION TO TRANSFER VENUE**

1

# TABLE OF AUTHORITIES

**Cases**

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*
54 F. Supp.2d 1042 (D.Kan. 1999) ..................................................................... 7

*Amini Innovation Corp. v. JS Imps., Inc.*
497 F. Supp. 2d 1093 (C.D. Cal. 2007) ............................................................. 14

*AUSA Life Ins. Co. v. Citigroup, Inc.*
293 B.R. 471 (N.D. Iowa 2003) .......................................................................... 7

*Bisq 'ettes Ceramic Tile, Inc. v. Skinner*
2000 WL 33375409 (N.D. Cal. Sept. 25, 2000) ................................................. 8

*Bohara v. Backus Hosp. Medical Benefit Plan*
390 F. Supp. 2d 957 (C.D. Cal. 2005) .............................................................. 13

*Bowe Bell + Howell Co. v. IMMCO Employees' Ass'n*
2004 WL 1244143 (N.D. Ill. June 2, 2004) ...................................................... 14

*Decker Coal Co. v. Commonwealth Edison Co.*
805 F.2d 834 (9th Cir. 1986) .............................................................................. 8

*DeFazio v. Hollister Employee Ownership Trust*
406 F.Supp.2d 1085 (E.D. Cal. 2005) ......................................................... 13, 15

*DiStefano v. Carozzi North America, Inc.*
2002 WL 31640476 (E.D.N.Y. Nov. 16, 2002) ................................................ 15

*Dube v. Eagle Global Logistics*
102 F. Supp. 2d 612 (E.D. Pa. 2000) .................................................................. 8

*Elite Parfums v. Rivera*
872 F. Supp. 1269 (S.D.N.Y. 1995) .................................................................. 16

*Gherebi v. Bush*
352 F.3d 1278 (9th Cir. 2003) ............................................................................ 8

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*
820 F.Supp. 503 (C.D. Cal. 1992) ...................................................................... 9

*Heller Financial, Inc. v. Midwhey Powder Co.*
883 F.2d 1286 (7th Cir. 1989) .......................................................................... 10

*In re ML-Lee Acquisition Fund II, L.P.*
816 F. Supp. 973 (D. Del. 1993) ........................................................................ 8

*Jones v. GNC Franchising, Inc.*
211 F.3d 495 (9th Cir. 2000) .............................................................................. 8

*Linear Tech. Corp. v. Analog Devices, Inc.*
1995 WL 225672 (N.D. Cal. Mar. 10, 1995) ................................................... 16

*Lou v. Belzberg*
834 F.2d 730 (9th Cir.1987) ............................................................................. 12

*Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*
829 F.Supp. 62 (S.D.N.Y. 1993) ...................................................................... 14

*R. Griggs Group Ltd. v. Consolidated Shoe, Inc.*
1999 WL 226211 (N.D. Cal. Apr. 9, 1999) ...................................................... 15

*Retirement Sys. of Alabama v. Merrill Lynch & Co.*
209 F. Supp.2d 1257 (M.D.Ala. 2002) ............................................................... 7

*Royal Queentex Enters. v. Sara Lee Corp.*
2000 WL 246599 (N.D. Cal. Mar. 1, 2000) ..................................................... 15

*Scheidt v. Klein*
956 F.2d 963 (10th Cir. 1992) .......................................................................... 16

*Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*
127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) ......................................................... 6, 7

*Smith v. Mail Boxes Etc., Inc.*
191 F.Supp.2d 1155 (E.D. Cal. 2002) ................................................................ 7

*Stewart Org., Inc. v. Ricoh Corp.*
487 U.S. 22 (1988) .............................................................................................. 8

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

**PLAINTIFF'S OPPOSITION TO E*TRADE'S MOTION TO TRANSFER VENUE**

*STX, Inc. v. Trik Stik, Inc.*
   708 F.Supp. 1551 (N.D. Cal. 1988) ................................................................ 14
*Tiffany v. Hometown Buffet, Inc.*
   2006 WL 2792868 (N.D. Cal. Sept. 28, 2006 .......................................... 8
*United States v. Brown Univ.*
   772 F.Supp. 241 (E.D. Pa. 1991) ................................................................ 14
*Williams v. Bowman*
   157 F. Supp. 2d 1103 (N.D. Cal. 2001) ....................................................... 9

**Statutes**

28 U.S.C. § 1404(a) ................................................................... 6, 7, 8, 10

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 5 —

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant E*Trade Securities LLC seeks to have this case transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  As a preliminary matter, this Court should not rule on E*Trade's motion until a ruling is made on Plaintiff's Motion to Remand.  A transfer pursuant to Section 1404 is inappropriate where neither the transferor nor transferee courts have subject matter jurisdiction. *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, 127 S.Ct. 1184, 1994, 167 L.Ed.2d 15 (2007) (if "a court can readily determine that it lacks jurisdiction over the case or the defendant, the proper course would be to dismiss on that ground").

Beyond the subject matter jurisdictional impediment, E*Trade's assertion that California is an unduly inconvenient forum is patently false given that E*Trade's form Customer Agreement provides that litigation brought by individual customers can be litigated in California. Under the arbitration clause applicable to individual claims in the form Customer Agreement, E*Trade has specifically chosen California and its Courts as the forum to resolve disputes for non-United States residents. (Exhibit "A" to *Kellner Decl.*, p. 22.)  As to claims brought by all other individual customers, E*Trade has adopted the NASD rules which selects the forum based upon the claimant's residence. (Exhibit "A" to *Kellner Decl.*, p. 21.)  Thus, ***but for the fact that this action is being litigated as a class action***, E*Trade would presumably be entirely amenable (and, in fact obligated) to having the claims asserted in this action adjudicated ***in California.***

In other words, at the same time that E*Trade is arguing that California is an inconvenient forum to have customer disputes litigated, it is actually litigating customer disputes in California – by its own choice, ***through a contract of adhesion that it prepared.***

This motion should be denied because E*Trade has failed to meet its burden of demonstrating that this Court is an unduly inconvenient forum, pursuant to section 1404.

**PLAINTIFF'S OPPOSITION TO E*TRADE'S MOTION TO TRANSFER VENUE**

## II.    **AT THE OUTSET, E\*TRADE'S TRANSFER MOTION SHOULD BE DENIED BECAUSE THIS DISTRICT COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THIS ACTION**

In *Sinochem International Co. Ltd.*, the United States Supreme Court ruled that, in the absence of extraordinary circumstances, a court should first rule on subject matter jurisdiction motions before ruling on a motions relating to inconvenient forums.[1] Indeed, under 28 U.S.C. 1447(c), once a court determines that it does not have subject matter jurisdiction, it must immediately remand the case to State court.

Consistent with the foregoing, in *Smith v. Mail Boxes Etc., Inc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002), the court held that "in circumstances where the jurisdiction of the court is at issue, several courts have determined that jurisdictional issues should be resolved before the court determines if a stay is appropriate." Significantly, an order to transfer cannot be issued under Section 1404 if the transferee court is not one in which the case could have originally been brought. *See, also AUSA Life Ins. Co. v. Citigroup, Inc.*, 293 B.R. 471, 474 (N.D. Iowa 2003) (court considers plaintiffs' motion for remand before considering defendants' transfer motion."); *Retirement Sys. of Alabama v. Merrill Lynch & Co.*, 209 F. Supp.2d 1257 (M.D.Ala. 2002) (same); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp.2d 1042, 1047 (D.Kan. 1999) (same).

Accordingly, if this Court determines that E\*Trade has failed to adequately demonstrate that the amount in controversy exceeds $5 million, then it should immediately remand this action to State court and refrain from entertaining E\*Trade's motion to transfer.

---

[1]    In *Sinochem International Co. Ltd.*, the Supreme Court ruled that in the extraordinary circumstance where personal jurisdiction would require exhaustive discovery and the inconvenient forum involved issues of pre-existing litigation in a foreign country, a forum *non conveniens* motion to dismiss is a proper basis for dismissal. Such circumstances are not extant in this case.

**PLAINTIFF'S OPPOSITION TO E\*TRADE'S MOTION TO TRANSFER VENUE**

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

III.    **E\*TRADE MUST SATISFY A HEAVY BURDEN IN ORDER TO JUSTIFY TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK**

Assuming, *arguendo,* that E\*Trade proffers sufficient evidence that the amount in actual controversy in this action exceeds $5 million, E\*Trade's motion to transfer venue should be denied because E\*Trade cannot sustain its burden of proving that this Court is an inconvenient forum.

Under Section 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice.  Motions to transfer pursuant to Section 1404(a) lie within the discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (motion to transfer decided "according to an 'individualized, case-by-case consideration of convenience and fairness.'").  Nonetheless, "transfer under § 1404(a) should not be freely granted." *Gherebi v. Bush*, 352 F.3d 1278, 1303 (9th Cir. 2003).

The party who requests transfer bears the burden of establishing that a change in venue is warranted. *Tiffany v. Hometown Buffet, Inc.*, 2006 WL 2792868, at \*1-2 (N.D. Cal. Sept. 28, 2006).  That burden is a heavy one. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  A motion to transfer will not be granted if doing so will simply shift to another litigant, and not eliminate, any inconveniences. *Id.*; *accord Dube v. Eagle Global Logistics*, 102 F. Supp. 2d 612, 616 (E.D. Pa. 2000) (class action holding that "it is inappropriate to transfer a case where the transfer would simply shift the burden").

Moreover, transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of transfer. *In re ML-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993); *Bisq 'ettes Ceramic Tile, Inc. v. Skinner*, 2000 WL 33375409, at \*6 (N.D. Cal. Sept. 25, 2000) (holding that "[t]he plaintiff's initial choice of forum is entitled to significant weight and transfer should not be ordered unless convenience and justice considerations strongly favor

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

**PLAINTIFF'S OPPOSITION TO E\*TRADE'S MOTION TO TRANSFER VENUE**

1  venue elsewhere," and denying transfer even though many witnesses resided in the proposed

2  transferee district.)

3      To support a motion to transfer, the moving party must show: "(1) that venue is proper in

4  the transferor district; (2) that the transferee district is one where the action might have been

5  brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will

6  promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820

7  F.Supp. 503, 506 (C.D. Cal. 1992).  Further, courts in this district generally evaluate that

8  following factors when considering a motion to transfer under §1404(a): "(1) plaintiff's choice of

9  forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the

10  evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of

11  other claims, (7) any local interest in the controversy, and (8) the relative court congestion and

12  time of trial in each forum." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

13      Here, E*Trade has not met its burden. Quite simply, none of the relevant factors weighs

14  strongly in favor of a transfer, either individually or collectively and E*Trade certainly has not

15  satisfied its burden of showing that these factors weigh strongly in its favor.

16      **A.    E*Trade's Claim That Northern California Is An Inconvenient Forum Is**

17      **Utterly Undermined By The Fact That Its Form Customer Agreements In**

18      **Some Instances Require, And In All Other Instances Permit, Californians To**

19      **Litigate Claims In California.**

20      Plaintiff and every member of the putative class executed a form Customer Agreement

21  (an adhesion contract prepared by E*Trade) that mandates the arbitration of individual claims.

22  (Exhibit "A" to *Kellner Decl.*, p. 21.)  While E*Trade has apparently elected to waive the

23  arbitration provision because it does not want a California arbitrator to preside over a national

24  class action case, the fact that E*Trade regularly litigates customer cases in California – and ***not***

25  ***New York*** – completely undermines its claim that California is an inconvenient forum.

26      Section 8 of the Customer Agreement contains a mandatory arbitration provision for

27  individual claims.  With respect to customers who do not reside in the United States, E*Trade

28  mandates that the customer agree to litigate the case in arbitration in San Francisco:

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 9 —

1

2          (D)  If I am not residing in the United States at the time [] a controversy
    arises between E*Trade and me, I agree . . . .

3

4          1.      . . . that any arbitration hearing be held in San Francisco,
    California unless otherwise agreed between E*Trade Securities and me or unless
    the NASD (or other self-regulatory organization administering the arbitration)
5   designates another hearing location.

6

7          2.      I agree to the personal jurisdiction of the courts of the State
    of California, U.S.A., to interpret and enforce these arbitration provisions
    described in the Agreement; . .

8   (Exhibit "A" to *Kellner Decl.*, p. 22.)

9

10         For all other individual claims brought by E*Trade customers, E*Trade mandates

11  arbitrations under the rules of the organization which governs E*Trade arbitrations.  At this

12  juncture, E*Trade arbitrations are governed by FINRA, which specifically provide that the

13  hearing location chosen will be the one "closest to the customer's residence at the time of the

14  events giving rise to the dispute." (Exhibit "B" to *Kellner Decl.*, p. 37.)

15         Thus, in the event these actions had proceeded as individual cases rather than as a class

16  action, E*Trade's own adhesion contract would have mandated that the arbitration of plaintiff's

17  claim take place in California.  While it is anticipated that E*Trade will argue that the arbitration

18  probably would have occurred in Southern California – ***there is absolutely no merit to any claim***

19  ***that E*Trade could make that the case would have been heard in New York.***

20         E*Trade's predicament is strikingly similar to one in which the defendant attempts to

21  transfer a case to forum other than the one chosen in a contractual forum selection clause.  Courts

22  – understandably – have no sympathy for such self-contradictory positions. *Heller Financial,*

23  *Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) ("By virtue of the forum-

24  selection clause, [defendant] has waived the right to assert its own inconvenience as a reason to

25  transfer the case").

26

27

28

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

**PLAINTIFF'S OPPOSITION TO E*TRADE'S MOTION TO TRANSFER VENUE**

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

1    In this case, E*Trade has no legitimate basis for arguing that this District is an

2    inconvenient forum, since this is a District that E*Trade has specifically and intentionally chosen

3    to have claims litigated in.

4        **B.    Plaintiff's Choice Of Forum In This Action Is Entitled Significant Weight.**

5    E*Trade contends that Plaintiff's choice of forum in this putative national class action,

6    filed in a forum that has no interest in the parties and in which the operative facts did not

7    occurred, is only entitled to minimal consideration. (Motion, 6:22-25.)  This is not an accurate

8    interpretation of the law or the facts.  The plaintiff's choice of forum in a class action is still

9    given deference by the courts due to the burden placed on the class representatives.  Even though

10   it is true that E*Trade officially moved its corporate headquarters from Menlo Park, California to

11   New York New York during the class period, its ties to California are significant enough that

12   E*Trade's own ***adhesion contracts*** in some cases mandate, and in all other cases permit,

13   individual customer claims to be litigated in Northern California.

14        1.        The Deference Given To Plaintiff's Choice Of Forum Is Not

15                  Eliminated Simply Because This Case Was Filed As A Putative

16                  Class Action

17   Despite the fact that Plaintiff is seeking to represent a national class, his choice of forum

18   is still entitled to deference.  E*Trade's argument was recently considered – and rejected – in

19   *Parrish v. National Football League Players Inc.*, 2007 WL 1624601 (N.D. Cal. June 4, 2007).

20   The plaintiff in *Parrish* – just like the Plaintiff here – sought to represent a national class. *Id.* at

21   *1.  The defendant in *Parrish* – like E*Trade – sought to have the class action transferred either

22   to the United States District Court for the District of Columbia or the United States District Court

23   for the Eastern District of Virginia, the location of its headquarters and place of incorporation,

24   respectively. *Id.* at *1, *5.  Just as E*Trade does now, the defendant in *Parrish* sought to

25   minimize the deference due to the plaintiffs' choice of forum "because the class will include

26   thousands of former professional football players spread throughout the country. . . ." *Id.* at *6.

27   The court refused to follow the defendant's argument, noting because the plaintiff-

28

**PLAINTIFF'S OPPOSITION TO E*TRADE'S MOTION TO TRANSFER VENUE**

representatives would have the responsibility of litigating the class action on behalf of absent

class members, their choice of forum should be given deference:

> No class has yet been certified in this action.  If the class is
> certified, and [plaintiffs] are certified as class representatives, they
> will still bear a great deal of responsibility in representing the
> class.  In contrast, the thousands of other putative class members
> will not need to appear in this action.  Some of them may decide to
> intervene at some point, however, that has not yet happened.  *It
> remains that plaintiffs chose to bring this action in this forum, so
> plaintiffs' choice of forum still deserves deference, and this
> factor weighs against transfer.*

*Id.* at *6 (emphasis added).

> 2.    Plaintiff's Choice Of Forum Is Entitled Deference As This Forum
>
> Has An Interest In E*Trade

E*Trade also contends that Plaintiff's choice of forum should be given minimal weight

"because the operative facts have not occurred within the forum *and* the forum has no interest in

the parties or subject matter." (Motion, 6:23-24, citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th

Cir. 1987) (emphasis added).)  It is, however, disingenuous to for E*Trade to assert that this

District has no interest in E*Trade.  E*Trade was founded in this District, for years maintained

the Menlo Park, California location as its corporate headquarters and maintains an extensive

corporate presence in this District.

In fact, *Standard & Poor's Register of Directors and Executives* lists Louis Klobuchar Jr.

as the President of E*Trade, which lists his address as E*Trade's Menlo Park, CA office.

(Exhibit "C" to *Kellner Decl.*, p. 41.)  Thus, while Plaintiff might have been mistaken regarding

the fact that E*Trade's corporate headquarters are no longer located in Menlo Park, California,

the fact remains that E*Trade has a significant corporate presence in Northern California and it is

the forum that E*Trade itself maintains as a permissible forum for litigating disputes with its

customers.

**PLAINTIFF'S OPPOSITION TO E*TRADE'S MOTION TO TRANSFER VENUE**

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

### C.    The Convenience Of Witness Factor Does Not Favor Transfer, Since E*Trade Controls The Availability Of Its Employees.

The convenience of witnesses is often said to be the most important factor in determining a motion to transfer. *Los Angeles Memorial Coliseum Comm. v. National Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981).  At the outset, E*Trade's critical "inconvenient forum" argument must fail because its Customer Agreement specifically envisions that it will litigate claims with its customers in California.

Moreover, even if E*Trade could legitimately conjure an "inconvenient forum" argument, it has failed to proffer sufficient evidence to do so.  E*Trade failed to specifically indicate who it intends to call as witnesses and how those witnesses would be inconvenienced by attending a trial in Northern California.  Furthermore, the only information given by E*Trade as to their witnesses indicates they would all be employees, all of whom could be compelled to testify by their employer.

E*Trade asserts that "[o]nly E*Trade witnesses from New York are likely to testify." (Motion, 7:11.)  In assessing the convenience of witnesses, "courts consider the effect of a transfer on the availability of certain witnesses and their ***live testimony at trial***." *DeFazio v. Hollister Employee Ownership Trust*, 406 F. Supp. 2d 1085, 1090 (E.D. Cal. 2005) (emphasis added).  Obviously, a witness's availability for pre-trial deposition testimony is completely irrelevant since witnesses do not travel for depositions.  Therefore, where "transfer is for the convenience of witnesses, defendant must name the witnesses ***it wishes to call*** [at trial], the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them." *Bohara v. Backus Hosp. Medical Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005) (emphasis added).[2]

---

[2]    See also, *Gherebi v. Bush*, 352 F.3d 1278, 1304, n.33 (9th Cir. 2003) (holding that a "party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover.  In determining the convenience of the witnesses, the court must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience in the forum."

**PLAINTIFF'S OPPOSITION TO E*TRADE'S MOTION TO TRANSFER VENUE**

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

1   E*Trade has not named the individuals it would call at trial, nor has it explained how a

2   proceeding in this District would impose a hardship on witnesses that are obviously within

3   E*Trade's control and could easily travel to Northern California.  By failing to specifically

4   identify the witnesses it claims would be inconvenienced by maintaining the action in Northern

5   California, E*Trade fails to meet its burden of showing that a transfer would be in the

6   convenience its potential witnesses. *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d

7   1093, 1112 (C.D. Cal. 2007), citing *Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*,

8   829 F.Supp. 62, 66-67 (S.D.N.Y. 1993) ("To meet its burden of demonstrating that transfer is in

9   the convenience of the witnesses, the party seeking transfer must 'specifically list the evidence

10  and witnesses on which the party intends to rely in the transferee district, along with a general

11  statement of the topics of each witness' testimony. . . . Absent such a showing, the motion should

12  be denied").

13      The only indication of witnesses that E*Trade may call at trial are tangentially referred to

14  in the Declaration of John Matos.  Notably, Matos only mentions E*Trade employees.  However,

15  the location of witnesses "does not warrant transfer when witnesses are employees of a party and

16  their presence can be obtained by that party." *United States v. Brown Univ.*, 772 F.Supp. 241,

17  243 (E.D. Pa. 1991); *Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, 2006 WL

18  2868971, at *4 (N.D. Cal. Oct. 6, 2006) ("discount[ing] any inconvenience to the parties' other

19  employees, whom the parties can compel to testify"); *STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp.

20  1551, 1556 (N.D. Cal. 1988) (finding defendant's claim that defense witnesses could not be

21  expected to appear at trial must be discounted since four of the six witnesses were defendant's

22  employees who could be compelled to testify).  Accordingly, the claim of witness convenience

23  fails on its face.

24      The rationale for this rule makes eminent sense.  When witnesses in the proposed

25  transferee jurisdiction are employees of the defendant corporations, their appearance at trial on

26  behalf of the party seeking transfer must be assumed. *Bowe Bell + Howell Co. v. IMMCO*

27  *Employees' Ass'n*, 2004 WL 1244143, at *6 (N.D. Ill. June 2, 2004) ("it is usually assumed that

28  witnesses within the control of the parties will appear voluntarily."); *see also Applied*

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

**PLAINTIFF'S OPPOSITION TO E*TRADE'S MOTION TO TRANSFER VENUE**

1  *Elastomerics*, 2006 WL 2868971, at *4 ("discount[ing] any inconvenience to the parties' other

2  employees, whom the parties can compel to testify").

3      It is significant that E*Trade does not argue that any of its potential witnesses will be

4  unavailable should this case remain in this District.  E*Trade, of course, cannot make such an

5  argument.  This is because E*Trade has direct control of all of its witnesses.  E*Trade has simply

6  not identified (nor can it identify) any witnesses it might call who would be unavailable to testify

7  ***at trial***, if and when this case goes to trial in this District.

8      E*Trade will suffer no financial hardship by having this action remain here.  It is one of

9  the world's largest online brokerage companies and is a subsidiary of E*Trade Financial

10 Corporation which had annual revenue of over $2 billion in 2006.  (Exhibit "D" to *Kellner Decl.*,

11 p. 44)  This provides an additional basis for not transferring this action. *See DeFazio*, *supra*, 406

12 F. Supp. 2d at 1090 ("There is no indication that defendants suffer from financial constraints in

13 defending this action."); *R. Griggs Group Ltd. v. Consolidated Shoe, Inc.*, 1999 WL 226211, at

14 *5 (N.D. Cal. Apr. 9, 1999) (denying defendant' motion to transfer notwithstanding that "many

15 of their documents and witnesses are located in Virginia" because defendants were "a large

16 company with substantial resources" that would not suffer hardship); R*oyal Queentex Enters.*,

17 2000 WL at *6 (large company would suffer less financial hardship if transfer motion was

18 denied than would plaintiff if motion was granted).

19      **D.    The Ease Of Access To The Evidence Factor Does Not Favor Transfer.**

20      While courts historically considered the location of records and documents when

21 determining whether transfer is warranted, today courts recognize that advances in modern

22 technology have reduced, if not eliminated, any hardship associated with reviewing documents at

23 remote locations. *See DeFazio v. Hollister Employee Ownership Trust*, 406 F. Supp. 2d 1085,

24 1091 (E.D. Cal. 2005); *see also DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1083

25 (C.D. Cal. 2002) (ruling that location of documents and records in proposed forum did not

26 warrant transfer because documents and small pieces of hardware can be easily transferred to

27 California.).  E*Trade, in its motion, admits that this factor does not favor transfer. (Motion, 9:4.)

28

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

**PLAINTIFF'S OPPOSITION TO E*TRADE'S MOTION TO TRANSFER VENUE**

E.    **Familiarity With The Applicable Law Does Not Weigh In Favor Of Transfer, Since No Complex Issues Of New York Law Are Present In This Action.**

This action involves only one claim, breach of contract.  Where the issues involved in a case are not complex issues of state law, the familiarity with the applicable law factor is of little importance.  In *Elite Parfums v. Rivera*, 872 F. Supp. 1269, 1273 n. 2 (S.D.N.Y. 1995), the court noted that "[a]lthough a federal court sitting in the Southern District of New York would be more likely to have greater familiarity with New York law than a federal court sitting in the Southern District of Texas, this factor is of little importance where the law to be applied--that of contract breaches--is relatively straightforward." *Accord Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) ("the applicability of Florida law is not a significant concern in light of the relative simplicity of the legal issues involved in the common law fraud and breach of contract claims tried in Oklahoma.").  This Court is equally able to apply New York law to the breach of contract claim as a court in New York.  E*Trade is thus incorrect in stating that this factor weighs heavily in favor of transfer. (Motion, 10:12.)

F.    **Any Differences In The Congestion of Dockets Or Time To Trial Are Not Sufficient To Weigh In Favor Of Transfer.**

E*Trade states that each judge in the Southern District of New York has a few less cases than this district and that cases are resolved a few months sooner, and that this weighs in favor of transfer.  However, in comparison with the caseloads in this District, the differences are not sufficiently different to be significant.  Accordingly, since this factor has a bearing "***only*** if the backlogs in the two courts are so totally disproportionate that it is obvious that time to trial would be radically longer in the court initially selected by plaintiff" (*Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, No. C 06-2469, 2006 WL 2868971, at *6 (N.D. Cal. Oct. 6, 2006), E*Trade's argument necessarily fails.  *See also Linear Tech. Corp. v. Analog Devices, Inc.*, 1995 WL 225672, at *4 (N.D. Cal. Mar. 10, 1995) (stating that the "plaintiff's choice of forum should be displaced by the court's perception about speed of access to trial in another jurisdiction only in the most extraordinary circumstances.").

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

**PLAINTIFF'S OPPOSITION TO E*TRADE'S MOTION TO TRANSFER VENUE**

**G.    No Other Factor Weighs In Favors Of Transfer.**

None of the remaining factors, "local interest in the controversy" and "feasibility of consolidation", weigh in favor of a transfer to the Southern District of New York.  In its motion, E*Trade concedes that both of these factors are neutral. (Motion, 10:6-10.)

**IV.    CONCLUSION**

For all the foregoing reasons, Plaintiff requests that E*Trade's motion to transfer venue be denied in all respects.

Dated:  January 4, 2008                   KABATECK BROWN KELLNER LLP




                                          By:_____/s/_____
                                                  RICHARD L. KELLNER
                                                  Attorneys for Plaintiff JOSH MANGINI

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

**PLAINTIFF'S OPPOSITION TO E*TRADE'S MOTION TO TRANSFER VENUE**

1

**CERTIFICATION OF SERVICE**

2        I, Alfredo Torrijos, hereby certify that on January 4, 2008, I caused the foregoing

3 document titled **PLAINTIFF'S OPPOSITION TO E\*TRADE'S MOTION TO**

4 **TRANSFER VENUE** to be electronically filed and served upon the persons named

5 below via the ECF system.

6        This document is available for review and downloading from the EFC system.

7

8                        **Attorneys for Defendant E\*Trade Securities LLC**

9 Charles Michael Schaible
COOLEY GODWARD KRONISH LLP

10 101 California Street
5th Floor

11 San Francisco, CA 94111-5800
(415) 693-2000

12
David A. Vogel

13 Douglas Paul Lobel
COOLEY GODWARD KRONISH, LLP

14 One Freedom Square
Reston Town Center

15 11951 Freedom Drive,
Reston, VA 20190-5656

16 (703) 456-8000

17

18 Dated: January 4, 2008          By:_____/ s/_____

19                                  ALFREDO TORRIJOS

20                                  KABATECK BROWN KELLNER LLP
                                  *Counsel for Plaintiff and the proposed class*

21

22

23

24

25

26

27

28